UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    Criminal No. 09-0026 (PLF)
                                    )
RICO RODRIGUS WILLIAMS,             )
                                    )
    Defendant.                      )
_____ )

MEMORANDUM OPINION AND ORDER

On November 15, 2010, defendant Rico Rodrigus Williams was found guilty by a jury of one count of second degree murder, in violation of 18 U.S.C. § 1111(a), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(3). Mr. Williams now is scheduled to be sentenced by this Court on April 20, 2012.

Both Mr. Williams and the government have filed memoranda in aid of sentencing. See Def. Memorandum, Apr. 4, 2012 [Dkt. No. 170]; Gov't Memorandum, Apr. 4, 2012 [Dkt. No. 171]. The parties' positions on the appropriate sentence for Mr. Williams differ dramatically: Mr. Williams requests that the Court sentence him to a total of 10 years' imprisonment on both counts. See Def. Memorandum at 16. The government requests that the Court sentence Mr. Williams to life imprisonment, see Gov't Memorandum at 1, 23, and also requests that the Court order restitution in the amount of $250,000 to be paid to the victims of Mr. Williams' crime. See id. at 21.

The Court will order the parties to file supplemental memoranda in aid of sentencing on two topics:

*1. Sentencing Under the Uniform Code of Military Justice.* As the Court previously has described, on the night of July 3, 2005, near the Ramstein Air Force Base in Germany, Mr. Williams and others initiated Sergeant Juwan Johnson into their gang, the Gangster Disciples, by striking and kicking Sergeant Johnson for more than six minutes. United States v. Williams, Criminal No. 09-0026, --- F. Supp. 2d ----, 2011 WL 5833983, at *10 (D.D.C. Nov. 17, 2011). The participants in this initiation, which was referred to by the witnesses at trial as a "jump-in," included military service members of the United States Air Force and the United States Army, as well as Mr. Williams, who had been in the Air Force for eight years, but was honorably discharged for medical reasons on May 3, 2005, two months before the July 3 jump-in. Id. Sergeant Johnson died on the morning of July 4, 2005 from injuries sustained during the jump-in. Id.

If Mr. Williams had not been honorably discharged two months before he killed Sergeant Johnson, Mr. Williams would have been subject to court martial and sentencing under the Uniform Code of Military Justice ("UCMJ"). Because he was a civilian at the time of his crime, however, Mr. Williams, unlike the other participants in the jump-in, was prosecuted in this Court under the Federal Criminal Code. Mr. Williams suggests that the Court, in imposing its sentence, should consider the outcomes and sentences of the other participants in the jump-in, all of whom were in the military at the time of the jump-in and therefore subject to the UCMJ. See Def. Memorandum at 9-10.

The government disagrees with Mr. Williams. First, the government argues that "comparing the Federal Criminal Code and the U.S. Sentencing Guidelines to the . . . UCMJ[], under which the other gang members were prosecuted, is like comparing apples to oranges." Gov't Memorandum at 16. Second, the government argues that, in any event, "military courts have sentenced defendants convicted of unpremeditated murder . . . to life without parole," and the government cites two cases in which a military appeals court upheld a life sentence under the UCMJ. Id. (citing United States v. Wallace, 58 M.J. 759 (N-M. Ct. Crim. App. 2003); United States v. Arindain, 65 M.J. 726 (A.F. Ct. Crim. App. 2007)). Finally, the government argues that a large disparity in sentencing among the perpetrators is permissible in this case, because Mr. Williams was much more culpable than the other participants in the jump-in, none of whom was charged with or convicted of second degree murder. Id. at 19.

Although the Court agrees with the government that Mr. Williams is not similarly situated with the other participants in the jump-in on the facts of this case, see Gov't Memorandum at 19, the Court is not convinced that comparing the Federal Criminal Code and the U.S. Sentencing Guidelines to the UCMJ is a useless exercise in determining the appropriate sentence for Mr. Williams. It is pure fortuity that Mr. Williams finds himself before this Court for sentencing: had it not been for his medical condition and honorable discharge, he would have been sentenced for non-premeditated murder after a court martial. The Court finds that it would be helpful to have further guidance on what sentence Mr. Williams likely would have received had he been court martialed and sentenced under the UCMJ. The Court therefore will order the government to file a supplemental memorandum — with citation to relevant authority — discussing any sentences imposed under the UCMJ in cases with comparable facts to those here.

Mr. Williams is invited to file a supplemental memorandum on this issue as well, but he need not do so.

        *2. Restitution*. Under 18 U.S.C. § 3663A, the government requests that the Court order Mr. Williams to pay restitution in the amount of $250,000 to the victims of Mr. Williams' crime. See Gov't Memorandum at 21. Mr. Williams did not address the issue of restitution in his memorandum in aid of sentencing. The Court therefore will order Mr. Williams to file a supplemental memorandum setting forth his views on whether this Court should impose restitution, and, if so, in what amount.

        Accordingly, it is hereby

        ORDERED that, by April 16, 2012, the government shall file a supplemental memorandum addressing the first topic discussed above; Mr. Williams may file a supplemental memorandum on this topic as well, but he is not required to do so; and it is

        FURTHER ORDERED that, by April 16, 2012, Mr. Williams shall file a supplemental memorandum addressing the second topic discussed above.

        SO ORDERED.

/s/
PAUL L. FRIEDMAN
DATE: April 9, 2012            United States District Judge